UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMMY HEM,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SUFFOLK COUNTY HOUSE OF CORRECTION,<br><br>　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　　Civil Action No.<br>　　23-11767-FDS |

**ORDER**

**SAYLOR, C.J.**

　　Timmy Hem, who is confined at the Suffolk County House of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Hem states that, on January 9, 2023, he was convicted in the Boston Municipal Court of an unspecified offense (or offenses) and sentenced to a term of incarceration of eighteen months and two months of probation.  He represents that his state court appeal is pending.  He is proceeding *pro se*.

　　A federal court cannot grant habeas relief for a state prisoner unless the petitioner has already exhausted available state remedies.  *See* 28 U.S.C. § 2254(b(1)(A) (providing that habeas relief "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  "This exhaustion requirement, which codified preexisting law, is born of the principle 'that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.'"  *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011) (quoting *Rose v. Lundy*, 455 U.S. 509, 515 (1982)).  In cases arising from Massachusetts courts,

exhaustion requires presentation of the claim in question to the Supreme Judicial Court. *See Janosky v. St. Amand*, 594 F.3d 39, 50 (1st Cir. 2010).

Here, it is clear Hem has not exhausted his available state remedies. Accordingly, the petition for a writ of habeas corpus is DENIED and this action is DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated: August 9, 2023